UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN SALDIVAR-TRUJILLO, | ) | CASE NO. 4:07 CV3851 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN JOSEPH GUNJA, | ) | |
| | ) | |
| Respondent. | ) | |

On December 19, 2007, *pro se* petitioner Martin Saldivar-Trujillo filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Saldivar-Trujillo, who is currently confined at the Northeast Ohio Correctional Center (N.E.O.C.C.), filed this petition against N.E.O.C.C. Warden Joseph Gunja. Petitioner seeks an order from this court granting him pre-sentence custody credit on his federal sentence.

BACKGROUND

Mr. Saldivar-Trujillo was arrested in Michigan on February 20, 2002 by Grand Rapids Police on a warrant from the state of Wisconsin for failing to appear for trial. The arrest stemmed from charges filed against petitioner by the state of Wisconsin, on or about July 16, 1998, for possession with intent to distribute cocaine. *See Wisconsin v. Saldivar-Trujillo*, "No. 98-07990-FH" (Wisc. 1998). He was held in Kent County Jail in Grand Rapids for an undisclosed period of time.

Nine months after his arrest, Mr. Saldivar-Trujillo pleaded guilty to state charges filed against him in Wisconsin. He was sentenced to a one year term of imprisonment on February 3, 2003, as well as a fine of $10,600.00. Presumably because the court allegedly awarded him credit for time served, petitioner claims his state sentence expired on "February 5, 2003," and he was "released to the custody of the Bureau of Immigration and Customs Enforcement."[1] (Pet. at 5.) On March 18, 2003, petitioner pleaded guilty in federal court to illegally reentering the United States after being ordered removed, as a convicted felon, in violation of 8 U.S.C. § 1326. The United States District Court for the Western District of Michigan sentenced petitioner to a term of 96 months imprisonment on June 4, 2003. He appealed his sentence, which the Sixth Circuit affirmed in a reported opinion on August 26, 2004. *See United States v. Saldivar-Trujillo*, 380 F.3d 274 (6th Cir.2004).

On or about July 11, 2006, petitioner filed an Inmate Request form seeking sentencing credit with a Correctional Counselor at F.C.I. Terre Haute, Indiana. The request was denied the following day and Mr. Saldivar-Trujillo alleges he submitted an appeal to the Warden at F.C.I. Terre Haute. After the warden denied his request on July 18, 2006, petitioner unsuccessfully appealed the warden's decision to the Regional Director on August 15, 2006. In response to the Regional Director's September 21, 2006 letter denying his request, petitioner alleges he filed an Inmate Request to Staff Form on October 21, 2006. In his request, Mr. Saldivar-Trujillo protested the Regional Director's failure to respond within "the appropriate allotted time frame." It was not until January 15, 2007 that petitioner appealed the September 2006 decision of the Regional

---

[1] At a later point in his petition, Mr. Saldivar-Trujillo also states that "an arrest warrant was issued for illegal re-entry[,] [but] [t]he warrant was not returned until February 6, 2003, when he was released from Kent County Jail, to the federal authorities [. . .]." (Pet. at 7.) He claims he was "subsequently remanded to exclusive federal custody." (Pet. at 6.)

Director to the National Central Office. The Office notified him on January 30, 2007 that his request was "untimely." It is on this basis that petitioner asserts that he has exhausted his "available" administrative remedies. He does not provide any indication or documentation to explain why the BOP denied his request for sentencing credit from February 20, 2002 until June 4, 2003.

## ANALYSIS

Mr. Saldivar-Trujillo asserts he is entitled to credit on his federal sentence from February 20, 2002 until June 4, 2003 in accordance with 18 U.S.C. § 3585(b). The statute provides:

\* \* \*

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*

18 U.S.C. § 3585(b)(emphasis added). He believes his arrest on February 20, 2002 marked the beginning of his period of federal detention. This reasoning stems from petitioner's opinion that his arrest was a direct result of the offense for which his federal sentence was imposed. In support of this theory, he cites a portion of the colloquy between the District Court of Wisconsin Magistrate Judge and Assistant United States Attorney (AUSA) during petitioner's arraignment on February 13, 2003, wherein the AUSA allegedly stated:

3

* * *

> on or about February 21, 2002, in Kent County, Southern Division of the Western District of Michigan, Martin Saldivar-Trujillo, with a number of aliases, being an alien who had previously been removed on or about November 27th, 1998, after having been convicted and sentenced for the commission of an aggravated felony, was found to be knowingly and voluntarily in the United States without having obtained the express prior consent of the attorney general to return or to reapply for admission.

(Pet. at 6.) Mr. Saldivar-Trujillo argues that his arrest in February 2002 placed him within the immediate and exclusive custody of the federal government because it was at that time that his illegal reentry was discovered. From this he concludes that his federal sentence should be credited from the date of his arrest until his federal sentence was imposed on June 4, 2003.

In the alternative to his claim of statutory entitlement, Mr. Saldivar-Trujillo seeks an Order from this court granting a "downward departure [. . .] for all or part of time served in State custody, from the time Immigration authorities locate[d] the defendant until he is taken into federal custody [. . .]." (Pet. at 9.) He argues that this Court should consider the provisions set forth in the United States Sentencing Guidelines under section 1B1.1 and his resultant "lost opportunity" to serve his federal sentence concurrently with his state sentence. He seeks credit from the time he spent in "State custody after the date when he was located by Immigration authorities." (Pet. At 9.)

### EXHAUSTION OF REMEDIES

Once a district court sentences a federal offender, it is the Attorney General, through the BOP, who has the responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment [. . .] shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty,

the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. *United States v. Wilson*, 503 U.S. 329, 335 (1992).

Federal regulations have afforded prisoners administrative review of the computation of their credits, *see* 28 CFR §§ 542.10-542.16 (2007); *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir.1990), and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies. *See United States v. Bayless*, 940 F.2d 300, 304- 305 (8th Cir. 1991). Compliance with the exhaustion doctrine allows the administrative agency in question to exercise its expertise over the subject matter and permits the agency an opportunity to correct any mistakes that may have occurred during the proceeding, thus avoiding unnecessary or premature judicial intervention into the administrative process. *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

Here, the court is at a distinct disadvantage because the petitioner inexplicably challenged the Regional Director's delayed response time to his appeal, but failed to timely file an appeal to that decision. This leaves the court without a final decision on the merits regarding his request. Moreover, his petition fails to reveal what reasoning or upon what basis the warden or Regional Director allegedly denied his requests for credit. Inasmuch as exhaustion is not a statutory prerequisite for § 2241 habeas petitions, *see Wesley v. Lamanna*, No. 01-3426, 2001 WL 1450759 (6th Cir. Oct. 30, 2001)(exhaustion of administrative remedies is not a statutory (PLRA) requirement, but instead, wholly judicially created requirement), and petitioner has alleged that he attempted to exhaust his remedies to the fullest extent possible, *Aron v. LaManna*, No. 00-3834,

5


2001 WL 128349 (6th Cir. Feb. 6, 2001) (citing *McKart v. United States*, 395 U.S. 185, 200 (1969) ("petitioner must show that the administrative remedy is inadequate or cannot provide the relief requested for exception to the exhaustion requirement to apply"), the court will focus its analysis on the facts and reasoning he asserts in his petition before the court.

<div style="text-align:center">

SENTENCE CREDIT
*18 U.S.C. § 3585(b)*

</div>

Evolved legal precedent instructs that the credit against a federal sentence attaches only when the federal detainer is the exclusive reason for the prisoner's failure to obtain his release on bail. *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). In the case at bar, the petitioner was taken into custody after his arrest to await charges he faced in Wisconsin. Therefore, from February 20, 2002 until his state sentence was imposed on or about February 5, 2003, Mr. Saldivar-Trujillo was not in exclusive federal custody. As petitioner noted, the state court provided credit for time-served against his state sentence when it imposed his state sentence in February 2003. It is only when he was released on February 6, 2003, allegedly at the expiration of his state sentence, that it appears he was taken into federal custody.[2]

As a matter of law, petitioner is not entitled to federal sentencing credit from February 20, 2002 until June 4, 2003. Under the statute, a prisoner is only permitted credit for that period of time in which he would not otherwise receive credit. In other words, since the state court already provided Mr. Saldivar-Trujillo credit against his state sentence the federal court cannot provide federal sentence credit for that same period of time pursuant to § 3585.

---

[2] The court is not willing to explore the merits of whether petitioner is entitled to seek federal sentencing credit from February 6, 2003 until June 4, 2003, because that is not his request before this court.

DOWNWARD DEPARTURE
*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or the imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). It is clear that Mr. Saldavar-Trujillo is challenging the sentence imposed by the trial court. What is less clear, and what will preclude this court's review, is whether petitioner may assert any claim to an entitlement to a downward departure under the Sentencing Guidelines at this stage.

As a general rule, a federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir.1999); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

Mr. Saldavar-Trujillo already challenged his conviction through a post-conviction motion under 28 U.S.C. § 2255 without success. *See Saldivar-Trujillo v. United States*, No. 1:02-CR-213, 2006 WL 626179 (W.D. Mich. filed Mar.10, 2006).[3] Although he now seeks § 2241 relief, that section is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Instead, section 2255's safety valve is available only if it appears that the remedy afforded under § 2255 is "inadequate or

---

[3] In his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, petitioner asserted that because the Court enhanced his sentence due to a prior drug conviction under the then mandatory application of the United States Sentencing Guidelines, he was entitled to relief in light of *United States v. Booker*, 543 U.S. 220 (2005). The motion was dismissed on the merits by Senior Judge Richard Alan Enslen on March 10, 2006

7

ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997).

Mr. Saldivar-Trujillo has not raised any argument that § 2255 is inadequate or ineffective. Merely because an individual is unable to obtain relief under that provision does not render § 2255 inadequate or ineffective. *See e.g., Charles*, 180 F.3d at 756. Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

Whether or not a downward departure is granted under the Guidelines is solely within the discretion of the sentencing court. U.S.S.G. § 5K1.1; *United States v. Gregory*, 932 F.2d 1167, 1169 (6th Cir.1991). It is only the sentencing court which may depart downward if it finds that "there exists a mitigating circumstance of a kind or degree not adequately taken into consideration in formulating the guidelines." *Koon v. United States*, 518 U.S. 81, 98(1996); *see* U.S.S.G. § 5K2.0. "The decision as to whether and to what extent departure is warranted rests with the sentencing court on a case-specific basis." *Koon*, 518 U.S. at 98. Inasmuch as petitioner was sentenced in the United States District Court for the Western District of Michigan, this court clearly lacks authority to grant a downward departure to petitioner's sentence under section 1B1.1 of the Sentencing Guidelines.

CONSTRUING § 2255 MOTION

Because Congress made a deliberate choice to give jurisdiction over § 2241 petitions and § 2255 motions to different courts, a district court is obligated to determine whether a petition falls under § 2241, pursuant to the savings clause, or under § 2255. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). This does not mean that this court is free to construe a § 2241 petition as a § 2255 motion. On the contrary, the Sixth Circuit has cautioned against the practice. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir.2002) (citing *Adams v. United States*, 155 F.3d 582, 584 (2nd Cir.1998))("'[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255.) This leaves the court to focus solely on whether it is appropriate to dismiss this § 2241 without prejudice as to any § 2255 motion the petitioner may seek to file with the sentencing court.

A defendant's failure to raise claims regarding the Sentencing Guidelines on direct appeal generally precludes the claims from being considered in a Section 2255 petition, *see Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996);[4] conversely, the exercise of appellate jurisdiction is proper only in the rare case in which the district court erroneously thought that it lacked the authority to grant a departure. *United States v. Smith*, 278 F.3d 605, 609 (6th Cir.2002). In petitioner's unsuccessful appeal before the Sixth Circuit, he argued that the district court abused its discretion by denying his request for substitute counsel and that his sentence should be vacated pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004) because the judge imposed punishment

---

[4] The court held that, "[i]nsofar as claims regarding a sentencing court's error in failing to properly apply the Sentencing Guidelines are neither constitutional nor jurisdictional, we join several other circuits in holding that, absent a complete miscarriage of justice, such claims will not be considered on a § 2255 petition where the defendant failed to raise them on direct appeal."*Graziano*, 83 F.3d at 590.

that the jury's verdict alone did not allow. *Saldivar-Trujillo*s, 380 F.3d at 278-79. There is no indication petitioner requested a downward departure on appeal. Thus, it appears he may be foreclosed from raising that argument in a § 2255 action. Beyond these facts, Mr. Saldivar-Trujillo has not provided any upon which he can assert this court's subject matter jurisdiction pursuant to § 2241.

## CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243.[5] The court certifies that an appeal from this decision could not be taken in good faith.[6]

**IT IS SO ORDERED**.

Dated: March 3, 2008

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[5] The statute provides, in relevant part:

\* \* \*

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ [. . .], *unless it appears from the application that the applicant or person detained is not entitled thereto*.

28 U.S.C. § 2243 (emphasis added).

[6] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."